IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MAJID SAEIDI PETITIONER
A 221-387-594

VS. CIVIL ACTION NO.5:26-CV-385-DCB-RPM

WARDEN RAFAEL VERGARA,
*Adams County Correctional Center* RESPONDENT

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation ("Report") [ECF No. 7] of the United States Magistrate Judge entered herein on October 1, 2026, in this action brought pursuant to 28 U.S.C. § 2241. Saeidi, a native and citizen of Iran, challenged the duration of his detention during his removal proceedings under the Immigration and Nationality Act. Pet. [ECF No. 1] at 6. In the Report, Judge Myers recommended that Respondent's Motion to Dismiss [ECF No. 6] be granted, and that the Petition [ECF No. 1] be dismissed as moot, without prejudice, and for lack of jurisdiction because Saeidi has been removed from the United States. Report [7] at 1. Judge Myers also recommended that Petitioner's Motion for Order to Show Cause [ECF No. 6], filed after his removal, but before Judge Myers entered his Report, be

denied. Petitioner, proceeding pro se, has failed to file objections to the Report by his deadline of October 15, 2026.[1]

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Where there are no objections, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review to the Report and Recommendation. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

The Court has reviewed the Petition [ECF No. 1] and the related filings. And, as stated above, Petitioner did not file objections to the Report. In his Report, Judge Myers determined, after a thorough review of the applicable law, that Saeidi's removal moots these proceedings, and thus, the Court lacks jurisdiction to consider this action.

"Whether a [case] is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live

[1] The Court observes that the Report [ECF No. 7] has been returned to the Court by the U.S. Postal Service marked "Released." See [ECF No. 8 at 1]. As Judge Myers noted, Saeidi's Motion [ECF No. 6] was mailed from a UPS store in Austin, Texas, by Abbas Saeidi Tanha. See [ECF No. 6-2]. In Petitioner's Motion [ECF No. 6], he gave as his address a location in the Central African Republic, but he has not filed a notice of change of address. See Order [ECF No. 2] at 2 (warning Petitioner to keep the Court informed of his current address).

case or controversy." Francis v. Lynch, 622 F. App'x 455, 455 (5th Cir. 2015) (citation omitted) (holding that the petitioner's challenge to the duration of his detention pending removal became moot when he was removed from the United States). In a similar case, a sister court dismissed an Immigration and Customs Enforcement detainee's § 2241 petition without prejudice as moot upon evidence of his removal from the United States. See John v. U.S. Immigration and Customs Enforcement, No. 3:25-CV-1844-B-BW, 2026 WL 569043 (N.D. Tex. Feb. 6, 2026).

According to his Petition, Saeidi was taken into immigration custody on December 18, 2024, and an order of removal was entered on September 10, 2025, but he did not appeal that decision. [ECF No. 1] at 4.[2] In his petition, Saeidi challenged his "prolonged and unlawful civil immigration" detention, "without a meaningful opportunity for release" as a violation of due process. Id. at 6. Saeidi faulted Immigration and Customs Enforcement for its failure to identify any third country willing to accept him. Id. He further argued that his continued detention was "constitutionally excessive" because it had become "indefinite." Id. at 7.

As demonstrated by the record, Saeidi has achieved the chief goal of his petition: he is no longer detained by Immigration and

[2] According to the automated case information available regarding Saeidi on the web site of the Executive Office for Immigration Review, an Immigration Judge ("IJ") granted his Motion to Reopen IJ Jurisdiction on September 18, 2026, and an IJ granted Saeidi's application on September 24, 2026. See https://acis.eoir.justice.gov/en/caseInformation (last visited Nov. 3, 2026).

Customs Enforcement. "Thus, because he is no longer detained and has been removed from the United States, his challenge is now moot." Francis, 622 F. App'x at 456. Likewise, the Court is without jurisdiction to consider Saeidi's Motion for an Order to Show Cause, as it challenges the government's execution of a removal order. See 8 U.S.C. § 1252(g) ("no court shall have jurisdiction to hear any cause . . . arising from the decision or action . . . to commence proceedings, adjudicate cases, or execute removal orders . . . ."). Therefore, having considered the Report of Judge Myers, the Court adopts his findings and conclusions in full.

ACCORDINGLY,

IT IS, THEREFORE, ORDERED that the Report and Recommendation be, and the same hereby is, adopted as the finding of this Court. Accordingly, Saeidi's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1] should be dismissed without prejudice, for lack of jurisdiction, because it is moot. Likewise, his Motion to Show Cause [ECF No. 6] is hereby denied. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED AND ADJUDGED, this the 5th day of November, 2026.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE